**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4398**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

COREY MICHAEL EDWARDS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00118-D-1)

Submitted:  May 23, 2019                                    Decided:  May 28, 2019

Before KING and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian Emerson Dysart, Geoffrey Ryan Willis, DYSART WILLIS, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Michael Edwards appeals the 180-month sentence imposed following his guilty plea to possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Edwards argues that he is entitled to resentencing, as his sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012), is no longer valid following the enactment of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. We affirm.

Because Edwards did not raise his First Step Act challenge in the district court, we review the issue for plain error. *Henderson v. United States*, 568 U.S. 266, 272-73 (2013). We discern no error, plain or otherwise, on the record before us. Edwards contends that the First Step Act amended the language of the ACCA to define predicate offenses as prior offenses for which the offender served more than 12 months' imprisonment. However, the language on which he relies amended only the Controlled Substances Act's definition of "serious drug felony," not the language of the ACCA. *See* First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(1), 132 Stat. 5194, 5220. Even after the First Step Act's enactment, an ACCA predicate "violent felony" need only have been "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). Edwards does not contest that his prior state court convictions satisfy this requirement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*